IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK THOMPSON, JR.,

    Petitioner,

v.

WARDEN, BELMONT CORRECTIONAL
   INSTITUTION,

    Respondent.

CASE NO. 2:07-cv-0051
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On March 31, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 conditionally be granted, that petitioner's sentence be vacated, and that petitioner be released from incarceration unless the State of Ohio reinstates his appeal within sixty (60) days. Both the respondent and the petitioner have filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow these objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus conditionally is **GRANTED**. Petitioner's sentence hereby is **VACATED**, and that State is **DIRECTED** to release him from incarceration or reinstate his appeal within sixty (60) days.

Respondent again contends that appellate counsel did not act in a constitutionally unreasonable manner in failing to raise a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), on direct appeal, and that petitioner cannot establish prejudice under *Strickland v.*

*Washington*, 466 U.S. 668 (1984), because the Ohio courts had not reached a consensus as to whether Ohio's sentencing statutes violated *Blakely* at the time petitioner's appeal was pending, and the Ohio Supreme Court did not issue its decision *State v. Foster*, 109 Ohio St.3d 1 (2006), until February 27, 2006, after the appellate court's December 16, 2005, denial of his direct appeal (but before the Ohio Supreme Court's August 2, 2006, dismissal of his appeal.) *Respondent's Objections.*

This Court has carefully considered the entire record. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded by respondent's argument. Respondent's objections therefore are **OVERRULED**.

Petitioner objects solely to the remedy recommended by the Magistrate Judge. Petitioner requests the Court issue the writ conditioned on the State granting petitioner a new sentencing hearing and not a new appeal because he has only 32 months remaining on his sentence, and reinstating his appeal would involve unnecessary delay. *Petitioner's Objections.*

> A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require".... [C]onditional writs must be tailored to ensure that all constitutional defects will be cured by the satisfaction of that condition. *Id.* Remedies in habeas cases generally should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. *Dickens v. Jones*, 203 F.Supp.2d 354, 364 (E.D.Mich.2002). Federal district courts have broad discretion to fashion the appropriate form of habeas relief and that discretion includes conditionally granting a writ to pursue another appeal. *Whiting v. Burt*, 266 F.Supp.2d at 646; *Grady v.*

2

> *Artuz*, 931 F.Supp. 1048, 1073 (S.D.N.Y.1996); *See also United States ex. rel. Witt v. LaVallee*, 424 F.2d 421, 424 (2nd Cir.1970)(If state prisoner petitioning for federal habeas corpus relief could substantiate his allegations that he was not informed of his right, if indigent, to prosecute appeal without expense to him and with appointed counsel, state would be required to provide him opportunity to appeal his conviction); *See also Benoit v. Bock*, 237 F.Supp.2d 804, 812 (E.D.Mich.2003)(deciding, without discussion, that the appropriate remedy for a violation of the right to the effective assistance of appellate counsel was the reinstatement of petitioner's appeal of right).

*Ward v. Wolfenbarger*, 323 F.Supp.2d 818 (E.D. Mich. 2004).

Here, the ineffective assistance of counsel constitutes cause for petitioner's procedural default of claim one, in which he asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). Both petitioner's claim that his sentence violates *Blakely*, as well as his claim that he was denied the effective assistance of counsel claim due to his attorney's failure to raise the issue on appeal, are meritorious. Under these circumstances, the Court concludes that the Magistrate Judge appropriately recommended the petition for a writ of habeas corpus conditionally be granted unless the State reinstates petitioner's appeal, thus allowing the state appellate court to remedy the error. Petitioner's objections therefore are **OVERRULED**.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a de novo review of the Magistrate Judge's *Report and Recommendation*. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus conditionally is **GRANTED**. Petitioner's sentence hereby is **VACATED,** and that State is **DIRECTED** to release him from incarceration or reinstate his appeal within sixty (60) days.

IT IS SO ORDERED.

                                       4-29-2008
                             EDMUND A. SARGUS, JR.
                             United States District Judge