IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK THOMPSON, JR.,                    CASE NO. 2:07-cv-0051
                                       JUDGE SARGUS
                Petitioner,            MAGISTRATE JUDGE KEMP

v.

WARDEN, BELMONT CORRECTIONAL
        INSTITUTION,

        Respondent.


### OPINION AND ORDER

On April 30, final judgment was entered conditionally granting the petition for a

writ of habeas corpus under 28 U.S.C. §2254, vacating petitioner's sentence and directing

respondent to release the petitioner unless the State of Ohio reinstates petitioner's appeal

within sixty (60) days. This matter now is before the Court on respondent's request for a

stay of judgment pending appeal. Doc. No. 27. For the reasons that follow, respondent's

request is **GRANTED**.

The Court must balance the following factors in determining whether to grant

respondent's request for a stay:

> (1) whether the stay applicant has made a strong showing that
> he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a
> stay;
>
> (3) whether issuance of the stay will substantially injure the
> other parties interested in the proceeding; and

(4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *Workman v. Tate,* 958 F.2d 164, 166 (6th Cir.1992). These four factors militate in favor of staying execution of the conditional grant of the writ of habeas corpus pending appellate review.

Respondent contends that he has made a strong showing of likely success on the merits because the United States Court of Appeals for the Sixth Circuit granted a petition for rehearing *en banc* in *United States v. Nichols,* 501 F.3d 542, 545-46 (6th Cir. 2007), *rehearing en banc granted, opinion vacated January 3, 2008* (holding that appellate coun sel was constitutionally ineffective in failing to preserve a claim under *United States v. Booker,* 543 U.S. 220 (2005), before *Booker* in view of the uncertainty of the constitutionality of the mandatory United States Sentencing Guidelines after *Apprendi v. Washington,* 530 U.S. 466 (2000)). However, *United States v. Nichols, supra,* is factually distinguishable from this case because here, appellate counsel failed to raise a *Blakely* claim even though petitioner was sentenced on April 7, 2005, long after the United States Supreme Court's June 24, 2004, decision in *Blakely.* That said, the Court is persuaded that respondent has demonstrated, at the least, a "substantial case on the merits," *Hilton,* 481 U.S. at 778.

Further, the Court agrees that respondent will suffer some injury absent a stay. Respondent seeks to appeal this Court's decision that petitioner received constitutionally ineffective assistance of counsel for failure to raise on appeal a claim under *Blakely.* If the Court does not stay execution of the conditional writ of habeas corpus, and the State of Ohio is required to reinstate petitioner's appeal, respondent's appeal of this Court's

2

decision might be rendered moot. Further, if the United States Court of Appeals for the Sixth Circuit were to reverse this Court's decision, the State of Ohio would be spared the time and expense involved in reinstating the appeal.

Concomitantly, issuance of the stay will not substantially injure petitioner. Execution of the conditional writ of habeas corpus in this case will not invalidate his convictions or necessarily result in his release, so long as the State reinstates his appeal within sixty days. Therefore, a stay in this case will not necessarily delay petitioner's release from incarceration.

Finally, for reasons discussed above, the Court concludes that the public interest lies in staying execution of the writ of habeas corpus pending appellate review. By granting the request for a stay, respondent will be able to obtain appellate review of this Court's conclusion that appellate counsel was constitutionally inadequate under *Strickland v. Washington*, 466 U.S. 668 (1984), for failure to raise an issue under *Blakely*.

Respondent's request for a stay, Doc. No. 27, therefore is **GRANTED**.

**IT IS SO ORDERED.**

6-16-2008

EDMUND A. SARGUS, JR.
United States District Judge

3